WILLIAM CLAFLIN, trustee, *vs.* ANNIE DEWEY & others.

Worcester.   November 23, 1900. — November 27, 1900.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

*Will — Trust — Four separate Funds — Distribution — Rights of Remaindermen.*

In this case, which was a petition for instructions as to the construction of a will, there were four funds established, and not one fund, out of which the several sums named were to be paid and held; and the trustees not having originally established four separate funds, but having kept the four funds invested as one, the two sets of remaindermen who have become entitled, the securities of the fund having increased in value, are entitled to their proportion of the fund as it stood when the time for the distribution of the fund to which they are entitled arrived.

PETITION, by the surviving trustee, for instructions as to the construction of the will of David S. Godfrey. The following is the clause in question : " I also give and devise the sum of Twenty-one thousand Dollars to the Trustees hereinbefore named, upon and for the trusts, intents and purposes and with and subject to the Powers and provisos hereinafter mentioned and expressed of and concerning the same (that is to say) upon trusts, that they shall, jointly and together, invest said sums of money in Stocks or place the same securely at interest: and, annually, or more frequently, if the dividends or interest accrue and be paid more frequently, pay the dividends or interest of Ten thousand dollars to my wife Elizabeth for her sole use during her natural life ; and, in case the said Elizabeth die my widow, and otherwise not, my said Trustees out of the income of the said ten thousand dollars, as the same shall accrue and be paid after the decease of the said Elizabeth, shall erect or cause to be erected a suit*able* monument at her grave; and shall then, annually, as the dividends or interest of the said Ten thousand dollars shall accrue and be paid, pay the same, in Equal Proportions to each of the children of my Brother Benjamin D. Godfrey and of my sister.Mary Fiske as shall be living at the day of each annual payments; but, so long as any of the children of my said Brother Benjamin and of my said sister Mary shall

survive, others of them being deceased, then the child or children, if any there be, of each deceased child or children of the said Benjamin and Mary, shall, annually, be paid that portion of the dividends or interests of the said ten thousand dollars as would have been received by their parent or parents, had they survived; and, at the decease of all the Children of the said Benjamin and Mary, the said principal sum of ten Thousand dollars together with each dividend or interest as may then be due, shall, by my Trustees before named, be equally destributed among the legal heirs of the children of the said Benjamin and Mary. And the Trustees before named, as the same shall accrue and be paid, annually, or more frequently, if the same shall accrue and be paid more frequently, shall pay the dividends or interest of Five thousand dollars to my Brother, Benjamin D. Godfrey, for his sole use, during his natural life; and should Annie Godfrey, the present wife of the said Benjamin, survive him, then the income of the said five thousand dollars in like manner, shall be paid to her during her natural life, for her sole use, or so long as she shall remain the widow of the said Benjamin; and, at her decease or at her second marriage the said principle sum of Five Thousand Dollars, together with such dividends or interest as may then be due, shall, by the said Trustees, be equally distributed among the children of the said Benjamin and their legal heirs. And the trustees aforenamed, as the same shall accrue and be paid, annually, or more frequently, if the same shall accrue and be paid more frequently, shall pay the dividends or interest of Five Thousand dollars to my sister, Mary Fiske, for her sole use, during her natural life and at her decease the said principle sum of Five thousand dollars together with such divedends or interest as may then be due, shall, by my said Trustees, be equally distributed among her children and their legal heirs. And the Trustees, aforenamed, shall pay the divedends or interest of One thousand dollars to the Pine Grove Cemetery Corporation in Milford, to be, by said Corporation, appropriated and, annually expended in embellishing and keeping the grounds of said Cemetery in repair; and the said dividends or interest shall be paid annually, to said Corporation, so long as the same shall be expended as aforesaid, and so long as they shall preserve and exercise their corporate powers and no longer."

The petition alleged that Elizabeth Godfrey died about August, 1867; that Mary Fiske died about July, 1879, and the $5,000 mentioned in the will was paid to her children in accordance with the provisions thereof; that the trustee has reinvested the balance of the fund, which was $16,000, in shares which have so appreciated in value that they are now worth about $36,000; that Benjamin D. Godfrey died in 1890 and his wife Annie in 1898, and the payment of another sum of $5,000 has become due under the provisions of the will to the children of the said Benjamin D. Godfrey, who contend that, instead of being now entitled to the sum of $5,000, there should be paid and distributed to them five sixteenths of the said trust fund at the present value thereof; and that the persons interested in the balance of the trust fund besides the Pine Grove Cemetery Corporation of Milford are the children and such grandchildren as are now living or may hereafter be born of Mary Fiske and Benjamin D. Godfrey.

In the powers given to the trustees, to whom he bequeathed the $21,000, is a power to "invest said sums of money."

The testator gave the residue of his estate to his widow Elizabeth, Benjamin D. Godfrey, and Mary Fiske, " to be equally divided between them." The widow, Elizabeth Godfrey, was married to Hamilton B. Staples, who died in 1891. By her will she made Hamilton B. Staples her residuary legatee. By his will he made Mary C. Staples his residuary legatee, who contended that all the trust property in excess of $21,000 fell into the residuary. clause of the will of David S. Godfrey, and that hence she was entitled to one third thereof.

*Lathrop,* J., reserved the case for the consideration of the full court. If the court should hold the time and value of the accretions to the trust fund material, the case was to be sent to a master with proper instructions; otherwise such order was to be made as law and justice might require.

*A. Poor,* for Annie Dewey and others.

*G. C. Abbott & E. O. Thayer,* for the children of Mary Fiske.

*F. P. Goulding & W. C. Mellish,* for Mary C. Staples.

LORING, J. This is a bill in equity by the surviving trustee of the will of David S. Godfrey, asking for instructions upon the proper construction of the article in his will which is printed in

the margin.   The trustees invested the $21,000 paid to them by the executors as one fund, and on the death of Mary Fiske in 1879 paid $5,000 of it to her children, and invested the balance of the $21,000 as one fund in securities which have since increased in value, so that they are now worth about $36,000. Mary C. Staples, who is now entitled to the share of the residue of the testator's estate given by him to his wife Elizabeth, claims that, on the termination of the several sets of life estates, the remaindermen are respectively entitled to the sum of $10,000 and the two sums of $5,000, and that the balance of the fund left after reserving $1,000 for the Pine Grove Cemetery was undisposed of and passed under the residuary clause in part to the testator's widow Elizabeth.

We are of opinion that that is not the true construction of this article of the will, but that four separate trust funds were created by it: one of $10,000, two of $5,000 each, and one of $1,000.   The gift on the death of all the children of Benjamin and Mary is not in terms a gift of $10,000 out of the fund of $21,000, but a gift of the "said principal sum of ten thousand dollars."   The testator used the same expression in disposing of the two sums of $5,000 each after the life estates there in question had expired: he gives "said principal sum of five thousand dollars " to the children of Benjamin in one instance, and in the other instance "said principal sum of five thousand dollars " to the children of Mary.   The conclusion derived from a consideration of the wording of these gifts of the remainders is strengthened by the fact that in the powers given by the testator to the trustees, to whom he bequeathed the $21,000, is a power to "invest said sums of money," not said sum of money, thus contemplating several funds and not one fund.

It follows that the trustees should have originally established four separate funds; since they did not do so, but kept the four funds invested as one, the two sets of remaindermen who have become entitled are entitled to their proportion of the fund as it stood when the time for the distribution of the fund to which they are entitled arrived.   If the fund was more than $21,000 when Mary Fiske died in 1879, those who were entitled to the fund of which she had the income during her life are now entitled to the difference between five twenty-firsts of the whole

fund as it then stood and the $5,000 then paid them. The children of Benjamin and their legal heirs are now entitled to five sixteenths of the remainder, and that should be paid to them; ten elevenths of the balance should be set aside and held by the plaintiff as one trust fund, and the residue should be set aside and held by him as another trust fund. Under the terms of the reservation the case must be sent to a master to pass upon these matters.    *So ordered.*